**Thomas Wesley NELSON, Plaintiff-Appellant,**

v.

**Eugene STRATTON, Attorney at Law, Defendant-Appellee.**

No. 72-2645

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1972.

Rehearing Denied Dec. 11, 1972.

Thomas Wesley Nelson, pro se.

Eugene Y. Stratton, pro se.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Thomas Wesley Nelson has appealed from the district court's dismissal of his Civil Rights [1] complaint which named as defendant the attorney who represented him in a criminal case. We affirm the ruling below.

The appellant has alleged that the attorney did not accord effective legal representation in several enumerated respects, as the result of which Nelson was convicted of a felony in a Texas state court. Nelson further alleges that the attorney was retained for him by his former employer.

The district court held that the complaint failed to state a claim under 42 U.S.C. § 1983, since a retained counsel is not acting under color of state law within the purview of the statute. We agree. United States ex rel. Gittlemacker v. Commonwealth of Pa., E.D. Pa.1968, 281 F.Supp. 175, affirmed 3rd Cir. 1969, 413 F.2d 84, cert. denied 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691. Our statement in O'Brien v. Colbath, 5th Cir. 1972, 465 F.2d 358, [1972] that "in our opinion [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys" is all the more applicable to suits against one's former privately-retained counsel. The order appealed from is affirmed.

Affirmed.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 42 U.S.C. § 1983.