755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES E. LACEY, PLAINTIFF-APPELLANT,
v.
WASHINGTON COUNTY, STATE OF TENNESSEE, DEFENDANT-APPELLEE.
 NO. 84-5292
 United States Court of Appeals, Sixth Circuit.
 1/21/85
 
 ORDER
 BEFORE: KENNEDY, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rules 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant is appealing the summary dismissal of his 42 U.S.C. Sec. 1983 complaint. The complaint alleged that the appellees deprived the appellant of his right to a speedy trial. The District Court construed the complaint as an action for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The court dismissed the complaint because the appellant had not shown that state court remedies had been exhausted. After review of the arguments presented in the briefs, the court finds that the District Court did not err in dismissing the complaint.
 
 
 3
 The civil rights statute cannot be used by a state prisoner to circumvent the requirements of the statute providing that habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. Smartt v. Avery, 411 F.2d 408, 409 (6th Cir. 1969). If the basis of the Sec. 1983 claims goes to the constitutionality of the state court conviction, the exclusive remedy is habeas corpus relief with the comity inspired prerequisite of exhaustion of state remedies. Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981). If there is a denial of the speedy trial right in this case, the appellant's conviction would be unconstitutional. See Strunk v. United States, 412 U.S. 434 (1973). Consequently, the proper action in this situation would be a petition for habeas corpus relief. Tarter v. Hury, 646 F.2d 1010 (5th Cir. 1981).
 
 
 4
 Accordingly, the District Court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.