SHORTESS, Judge.
Abdullah Hakim El-Mumit (plaintiff) has brought these civil proceedings to recover money damages for diverse alleged deprivations and improprieties that occurred subsequent to and during his trial for first degree murder, pursuant to LSA-R.S. 14:30(A)(2), in the Twenty-First Judicial District Court for Livingston Parish.
A host of individuals were named defendants,[1] including Kenneth J. Fogg and Joseph E. Anzalone, Judges for the Twenty-First Judicial District Court;[2] Duncan S. Kemp, Freeman W. Ramsey, and William M. Quin, District and Assistant District Attorneys, respectively, for Livingston Parish; [3] Odom Graves, Sheriff of Livingston Parish;[4] Abe Ross and Nelda Glascock, Warden and Assistant Warden, respectively, of Livingston Parish Prison; Willie Graves, a Livingston Parish Sheriffs detective; Ralph Maxwell, Coroner of Tangipa-hoa Parish; Richard Strobach, a physician in private practice; Alan Day, a dentist in private practice; and Ralph Walter, a physician in private practice.[5]
On exceptions of prescription and no cause of action, defendants Ross, Glascock, and Graves were dismissed from the suit. Exceptions of no cause of action based on judicial absolute immunity and prosecutorial qualified immunity on behalf of, respectively, Judge Fogg and Assistant District Attorneys Quin, Ramsey, and Waterman, were granted as well. Dr. Strobach was dismissed from the proceedings on an exception of no cause of action. Dr. Day was dismissed from the proceedings on a motion for summary judgment. Plaintiff has appealed these rulings which dismissed his suit totally.
The suit appears to have been brought under both state tort law and the Civil Rights Act of 1871, 42 U.S.C., § 1983. Plaintiff is currently confined at the Louisiana State Penitentiary at Angola, Louisiana, awaiting the imposition of his death sentence following a conviction for first degree murder. Said suit seeks monetary redress for, inter alia, alleged infirmities in the criminal proceedings that resulted in his conviction: plaintiff alleges that defendants Ross and Glascock violated an order prohibiting pretrial statements regarding *151 the pending criminal proceedings to the press, resulting in denial of a fair trial; that defendants (without specifying which defendants) detained plaintiff, causing his absence from the initial stage of the trial (the “Calling of the Jurors Venire, and their receiving ‘Instructions’ concerning the case and their participation in same”); that defendant Graves instituted security measures that resulted in a “carnival atmosphere” prior to and during the trial, resulting in plaintiff’s denial of a fair trial; that defendant Ross returned plaintiff to Angola, thereby depriving him of the assistance of his counsel and the opportunity to “View the Scene of the Crime, and All Evidence to be used [in the trial]”; that certain allegedly exculpatory evidence was withheld from plaintiff; and that defendants Maxwell and Strobach violated plaintiff’s fifth and sixth amendment rights in conducting a court-ordered Sanity Commission Report (requested by plaintiff’s counsel). With these allegations, plaintiff is clearly attempting to have us review his criminal proceedings. The appeal from that conviction, by operation of the law, went directly to the Louisiana Supreme Court. La. Const. art. V, § 10; LSA-C. Cr.P. art. 912.1. By order dated October 13, 1988, that appeal was stayed.
In Richardson v. Fleming, 651 F.2d 366 (5th Cir.1981), the United States Fifth Circuit Court of Appeals held that for purposes of 42 U.S.C. § 1983, it is not the relief sought but rather the basis of the claim, that determines whether the claim is cognizable under 42 U.S.C. § 1983, and that if the claim attacks the constitutionality of the state conviction, the exclusive remedy is habeas corpus with its prerequisite of exhaustion of state remedies. 651 F.2d at 372-73. Clearly, then, under the rationale of Richardson, had this suit been brought in federal court, it would have been dismissed.[6] The federal courts have extended this doctrine beyónd the principals of comity to include the collateral attack of a federal conviction, holding that the federal habeas corpus remedies under 28 U.S.C. § 2255 must first be exhausted prior to bringing a suit under 42 U.S.C. § 1983 on a claim that would “factually undermine [the] conviction.” Dees v. Murphy, 794 F.2d 1543, 1544-45 (11th Cir.1986), quoting Richardson, 651 F.2d at 373.
We are a court of limited jurisdiction. See La. Const, art. V, § 10. We are not vested with jurisdiction of an appeal from criminal proceedings which result in a sentence of death. LSA-C.Cr.P. art. 912.1. We therefore think it inappropriate to entertain an appeal involving issues currently pending before our supreme court and beyond our jurisdiction.
For reasons of efficient judicial administration and in the interest of justice, we order the appeal stayed until final resolution of plaintiff’s criminal appeal. See Burguieres v. Burguieres, 314 So.2d 411 (La.App. 4th Cir.1975). We further order the parties to notify this court of that disposition, at which time the stay will be dissolved and plaintiff’s appeal considered.
APPEAL STAYED.

. The petition recites that these persons are made defendants in their respective official and individual capacities.

. By way of an amended petition filed July 27, 1987, Anzalone was voluntarily dismissed from the proceedings.

. The amended petition referred to in note 2 added as a defendant Thomas B. Waterman, Assistant District Attorney of Livingston Parish. Kemp was later voluntarily dismissed.

. Odom Graves was later voluntarily dismissed.

. By amended petition filed June 29, 1987, the name of Ralph Walker was corrected to read Edwin Walker. Additionally, Dixon Memorial Hospital was named defendant. The amended petition appears to allege that Walker is the Coroner of Livingston Parish. The basis for Dixon Memorial having been made a defendant is unclear from the petition.

. At least insofar as the petition would be construed to collaterally attack the state court conviction, it would be dismissed. See Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir.1981).