**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50068
Summary Calendar
_____

DERRYL LEE BUCKINGHAM,

Plaintiff-Appellant,

VERSUS

STATE OF TEXAS
and
ATTORNEY GENERAL OF TEXAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(94-CV-631)

_____

(May 25, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Derryl Buckingham appeals the dismissal, as frivolous under 28 U.S.C. § 1915(d), of his state prisoner's civil rights suit brought pursuant to 42 U.S.C. § 1983.  We modify the judgment and affirm it as modified.

_____

[*] Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that rule, the court has determined that this opinion should not be published.

Buckingham sued the State of Texas and its attorney general, styling his action as a § 1983 action with habeas relief, raising the same allegations that he had previously raised in his earlier federal habeas corpus action, which he admitted had been dismissed for failure to exhaust state remedies. Buckingham stated that the assistant attorney general had admitted that Buckingham's allegations about the illegality of his conviction in his federal writ were true. Buckingham requested both monetary damages and immediate release from imprisonment.

The magistrate judge issued a "show cause" order, construing Buckingham's complaint as a petition for federal habeas relief because of the request for release from imprisonment, and noted that Buckingham previously had been sanctioned $50 by the Eastern District of Texas for filing frivolous suits and that the clerk of that court had ordered Buckingham not to file any new cases until the $50 had been paid. The magistrate judge also noted that the chief judge of the Western District of Texas had issued an order that the judges of the district observe and enforce sanctions imposed by other United States district courts against a Texas state prisoner who files a new civil action in the Western District, unless the prisoner established a change of circumstances or demonstrated that enforcing the previously imposed sanctions would be unjust. The magistrate judge also found that Buckingham's complaint was frivolous and ordered him to show cause why his

complaint should not be dismissed.

Buckingham responded by contesting the legality of the sanction imposed by the Eastern District and by stating that the court would be an accomplice if it upheld the sanction. Buckingham also admitted that his § 1983 action was of a habeas nature and that his requested relief should be granted because the attorney general had admitted Buckingham's allegations of wrongdoing.

The magistrate judge reported that the sanctions imposed by the Eastern District were permissible and that Buckingham had not demonstrated that they were unjust. The magistrate judge also construed Buckingham's suit as a petition for federal habeas relief and stated that Buckingham had not asserted whether he had exhausted his state remedies regarding his issues in the present action. The magistrate judge recommended dismissing Buckingham's complaint as frivolous and further recommended sanctioning Buckingham in the amount of $100, with a warning that any future filing be with permission of a federal judge, and that any future frivolous filings would result in additional sanctions.

Over Buckingham's objections, the district court adopted the magistrate judge's report and recommendation, dismissed Buckingham's complaint pursuant to § 1915(d), and imposed a sanction of $100. The court also noted, as a basis, that Buckingham had failed to comply with the sanctions of the Eastern District. The court further ordered that the failure to either pay the monetary sanctions or to seek permission from the court would be cause for striking any future pleadings. The court specifically

3

noted that Buckingham's complaint was "patently frivolous" and was an "obvious attempt to circumvent the sanctions imposed upon him for similar activities" in the Eastern District.

## II.

Liberally construed, Buckingham's brief asserts that the district court abused its discretion in dismissing his complaint as frivolous. A complaint filed in forma pauperis may be dismissed as frivolous pursuant to § 1915(d) if it has no arguable basis in law or fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). We review a § 1915(d) dismissal for abuse of discretion. Id.

A § 1983 action is the appropriate remedy for recovering damages for mistreatment or illegal administrative procedures. Richardson v. Fleming, 651 F.2d 366, 372 (5th Cir. 1981). The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Deters v. Collins, 985 F.2d 789, 792-96 (5th Cir. 1993). To determine which remedy a prisoner should pursue, we look beyond the relief sought to determine whether the claim, if proved, would factually undermine or conflict with the state court conviction. Richardson, 651 F.2d at 373.

In order to recover damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called

4

into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Otherwise, such a claim is not cognizable under § 1983 and must be dismissed.

Buckingham states on appeal that habeas relief is part of his § 1983 action and that he is suing for unconditional release in addition to monetary damages. He further contends that his complaint alleged constitutional violations that would cast doubt on his conviction. He continues to assert that the assistant attorney general, in answering Buckingham's previous petition for federal habeas relief, admitted Buckingham's allegations of wrongdoing.

If Buckingham's complaint is construed as a § 1983 action stemming from an unconstitutional imprisonment, his claims are not cognizable, as he has failed to demonstrate that his conviction has been set aside or otherwise called into question. See Heck, id. Although Buckingham alleges that the assistant attorney general, in the state's response to the state and federal habeas writs, admitted Buckingham's factual allegations of the unconstitutional violations surrounding his conviction, Buckingham's assertion is incorrect. By Buckingham's own admission, the assistant attorney general responded with rote language that every allegation of fact was denied, except those that were supported by the record. This language could not have constituted an admission of the invalidity of Buckingham's conviction. This fact is further demonstrated by Buckingham's concession that he was denied both state and federal

5

relief. Therefore, Buckingham cannot seek damages under § 1983 as he cannot demonstrate that his conviction has been invalidated, reversed, or otherwise called into question.

Additionally, Buckingham cannot appropriately seek federal habeas relief. He asserts in his complaint that his confession was coerced and obtained through unkept promises by the state, that he received ineffective assistance of counsel, that his counsel had a conflict of interest, and that his indictment was defective. Buckingham admits, however, that his previous federal habeas petition, which also raised the conflict-of-interest issue, was dismissed pursuant to the state's motion to dismiss for Buckingham's failure to exhaust his state remedies regarding the conflict-of-interest claim.

In general, before a state prisoner may seek federal habeas relief, he must exhaust available state remedies. See 28 U.S.C. § 2254(b). The exhaustion requirement reflects federal-state comity concerns. Picard v. Connor, 404 U.S. 270, 275 (1971). Exhaustion normally requires only that the federal claim was fairly presented to the highest court of the state, either on direct review or in a post-conviction attack. Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983).

For a claim to be exhausted, the state court must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion. Burns v. Estelle, 695 F.2d 847, 849 (5th Cir. 1983). "It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state

courts." Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235 (1991). "If the petitioner did not fairly present the substance of his claims to the state courts . . ., the petition must be dismissed . . . so that the state court may have a fair opportunity to determine" the claims. Dispensa v. Lynaugh, 847 F.2d 211, 217-18 (5th Cir. 1988).

Buckingham has made no attempt, either in the district court or on appeal, to demonstrate that all of his claims were fairly presented to the state courts. The implicit conclusion, gleaned from Buckingham's previous admission that his earlier federal habeas action was dismissed for failure to exhaust, is that he has failed to exhaust his state remedies for all of his issues in his current action.

The district court did not abuse its discretion, but the dismissal is hereby modified to be a dismissal without prejudice. If the action is construed as a petition for federal habeas relief, a dismissal with prejudice would effectively be a dismissal on the merits, which in this case would be inappropriate, as the district court did not reach the merits of Buckingham's issues, but instead noted that Buckingham had failed to exhaust his state remedies.

III.

Buckingham also appears to assert that the district court's sanction of $100 was illegal. Buckingham contends that his claims were supported by the record.

By signing his complaint, Buckingham certified that, after a

7

reasonable inquiry, to the best of his knowledge, information, and belief, the matters contained in his complaint were well-grounded in fact and warranted by existing law. FED. R. CIV. P. 11. Abuse of discretion is the standard of review for whether a rule 11 violation occurred and for the nature of the sanction imposed. Thomas v. Capital Security Servs., 836 F.2d 866, 872 (5th Cir. 1988) (en banc). Considering Buckingham's obvious attempt to escape the sanctions imposed by the Eastern District, the district court did not abuse its discretion in imposing a sanction of $100.

Buckingham is hereby warned that if he continues to file frivolous appeals, he may be subject to sanctions in this court. The judgment of dismissal is MODIFIED to be a dismissal without prejudice; as so modified, the judgment is AFFIRMED. All pending motions are DENIED.

AFFIRMED.