Robert MALLOY, Plaintiff,

v.

Pamela COLEMAN, Michael Sweeting,
and Douglas Verhuel, Defendants.

No. 96–1588–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 9, 1997.

Robert Malloy, Englewood, FL, Pro Se.

Henry A. Gill, Jr., Locksley O. Wade, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for Pamela Coleman, Douglas Verhuel.

Theodore C. Eastmoore, Arthur S. Hardy, Matthews, Hutton & Eastmoore, P.A., Sarasota, FL, for Michael Sweeting.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, Chief Judge.

This action is before the Court on the following motions and responses:

1. Defendant, Michael Sweeting's, Motion to Dismiss or, Alternatively, for Summary Judgment and Memorandum of Law (Docket No. 9), filed September 30, 1996.

2. Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 15), filed November 12, 1996.

3. Defendants, Coleman and Verhuel's, Motion to Dismiss (Docket No. 16), filed November 12, 1996.

4. Plaintiff's Response to Defendants Coleman and Verhuel's Motion to Dismiss (Docket No. 17), filed November 19, 1996.

### FACTS

Plaintiff, a *pro se* litigant, commenced this action claiming that the named Defendants conspired to deprive Plaintiff of his constitutional right of due process. These alleged actions occurred during the disposition of a criminal action that was pending against Plaintiff in the 12th Judicial Circuit Court for the State of Florida. Specifically, Plaintiff alleges that Defendant Sweeting, his defense attorney in the criminal proceeding, and Defendant Coleman, an investigator appointed by the court to submit a report regarding Plaintiff's background, conspired to withhold exculpatory information from the court. Plaintiff alleges that Defendants Sweeting and Coleman participated in "unauthorized and improper meetings" during which they conspired to produce a report that was biased against Plaintiff. Plaintiff claims that because he was misled into believing that the court had been given all relevant, exculpatory background information, he entered a plea of *nolo contendere* that he would not have entered had he been aware of the conspiracy between Defendants Sweeting and Coleman.

Plaintiff also claims that Defendant Verhuel, the prosecutor in the criminal action, "knowingly and willfully" allowed a biased report to be presented to the court, and exculpatory background information to be withheld from the court. Plaintiff alleges that these actions by the Defendants constitute a violation of "42 U.S.C., 18 U.S.C. and Plaintiff's right to due process...." Because of this deprivation of Plaintiff's constitutional right to due process, Plaintiff claims that he has suffered injury in the form of "loss of income, occupation, reputation, property, physical and psychological well-being...."

Because Plaintiff's complaint did not identify clearly the basis for his cause of action, Defendant Sweeting, in his Motion to Dismiss or for Summary Judgment, identifies several causes of action under which Plaintiff might be attempting to proceed. The most likely cause of action, Defendant Sweeting assumes, is an action under 42 U.S.C. § 1983. In the remainder of the pleadings at issue, both Plaintiff and the additional Defendants address the complaint as if it attempts to state a cause of action under 42 U.S.C. § 1983 for the deprivation of due process by persons acting under color of state law.

Defendant Sweeting's Motion to Dismiss alleges that Plaintiff's complaint must fail as to Sweeting because Plaintiff cannot establish that Sweeting was a "person acting under color of state law," a required element in a § 1983 action. In Defendants Coleman and Verhuel's Motion to Dismiss, Defendant Verhuel claims that Plaintiff's complaint must fail because Defendant Verhuel is entitled to prosecutorial immunity, and Defendant Coleman claims that her actions were discretionary in nature, and therefore are subject to qualified immunity.

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint must be taken as true for purposes of the motion to dismiss. *Luckey v. Harris,* 860 F.2d 1012, 1016 (11th Cir.1988). Additionally, the Court should construe the *pro se* complaint more liberally than it would formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980).

### DISCUSSION

Viewing the complaint liberally, and in light of the arguments and case law present-ed by Plaintiff in his Responses to Defendants' Motions to Dismiss, this Court will assume that Plaintiff intended to allege a cause of action under 42 U.S.C. § 1983 for the deprivation of his Fourteenth Amendment due process rights by persons acting under color of state law. Because each Defendant has alleged a different basis upon which Plaintiff's § 1983 action must fail, the Court will address each separately.

### 1. Defendant Verhuel

Prosecutors are absolutely immune from § 1983 damage claims for actions which are an "integral part of the judicial process." *Schlosser v. Coleman,* 818 F.Supp. 1534, 1539 (M.D.Fla.1993) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). In *Imbler,* the Supreme Court held that prosecuting attorneys are immune from § 1983 damages claims that involve the initiation of prosecution and the presentation of the state's case. *Imbler,* 424 U.S. at 431, 96 S.Ct. at 995. Application of this standard for prosecutorial immunity to the instant case reveals that Plaintiff has not alleged sufficient facts to defeat prosecutorial immunity and support a § 1983 action against Defendant Verhuel.

Plaintiff's complaint fails to allege facts which suggest that Defendant Verhuel participated in any actions outside of the initiation of a prosecution and the presentation of the state's case. As to Defendant Verhuel, Plaintiff makes only the conclusory allegation that Defendant Verhuel "did knowingly allow biased, incorrect, and misleading reports to be presented to the 12th Judicial Circuit...." (Plaintiff's Complaint, pp. 2–3). As the Eleventh Circuit Court of Appeals stated in the case of *Wahl v. McIver,* "[prosecutors] are absolutely immune from section 1983 claims that they offered false testimony or suppressed material at trial, ... [or] suppressed exculpatory evidence...." *Wahl,* 773 F.2d 1169 (11th Cir.1985). Additionally, although Plaintiff fails to specifically allege that Defendant Verhuel was part of the conspiracy he claims existed between Defendants Sweeting and Coleman, that claim would also fail as to Defendant Verhuel since "the allegation that a challenged official act is

part of a conspiracy does not in any manner dilute [prosecutorial] immunity." *Elder v. Athens–Clarke County,* 54 F.3d 694, 695 (11th Cir.1995). Therefore, Defendant Verhuel's actions are subject to absolute immunity, and Plaintiff's claim is dismissed as to Defendant Verhuel.

## 2. Defendant Coleman

■ "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). In the *Lassiter* case, the court specified that qualified immunity almost always protects government actors, and only in "exceptional cases" will state actors who are sued in their individual capacities lose the protection of qualified immunity. *Lassiter,* 28 F.3d at 1149. In order to show "exceptional" circumstances, plaintiffs must plead specific facts which establish that the actions of the state official violated "clearly established" law. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Lassiter,* 28 F.3d at 1150 (citing *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir.1993)).

■ The facts alleged by Plaintiff in the case at bar establish that Defendant Coleman was performing a discretionary function in preparing and submitting the report that was commissioned by the court in the criminal action against Plaintiff. Therefore, the usual rule is that qualified immunity applies to those actions, unless Plaintiff can establish that Defendant Coleman's actions violated "clearly established" law. *See Lassiter* 28 F.3d at 1150. To this end, Plaintiff attempts to establish that Defendant Coleman's actions were part of a conspiracy to harm Plaintiff by withholding exculpatory evidence in his criminal prosecution. However, general and conclusory claims of conspiracy in a

§ 1983 action "will be dismissed as insufficient." *Schlosser v. Coleman,* 818 F.Supp. 1534, 1537 (M.D.Fla.1993).

■ As this Court established in *Schlosser,* a similar case involving a *pro se* plaintiff, in order to control frivolous conspiracy suits under § 1983, courts should insist that plaintiffs state with specificity facts supporting an allegation of conspiracy. *See Schlosser,* 818 F.Supp. at 1537 (citing *Slotnick v. Staviskey,* 560 F.2d 31 (1st Cir.1977)). Additionally, the Eleventh Circuit has specified what a plaintiff must allege in a § 1983 conspiracy claim: "that the parties 'reached an understanding' to deny plaintiff his or her rights...." *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.1990). Applying this standard to the instant case, this Court finds that Plaintiff has failed to allege sufficient facts to support a claim of conspiracy under 42 U.S.C. § 1983, even given the liberal construction to be afforded this *pro se* Plaintiff's complaint.

As to Defendant Coleman, Plaintiff simply makes the conclusory allegation that Defendant Coleman "engaged in improper and illegal conversations" with Defendant Sweeting which constituted a conspiracy to withhold exculpatory information from the court. (Plaintiff's Complaint p. 2). Plaintiff has not alleged with specificity the content of the allegedly exculpatory information, or that Defendants Coleman and Sweeting "reached an understanding to deny plaintiff his rights." Although Plaintiff would not likely be able to plead specific details of the alleged conversations between Defendants Coleman and Sweeting, he must allege more than the conclusory claim that Defendants Coleman and Sweeting had "improper and illegal conversations" which resulted in "biased reports to the detriment of the Plaintiff." In the analogous case of *Schlosser,* this Court found that the plaintiff had failed to sufficiently allege a conspiracy, and stated that "[p]laintiff has failed to describe the nature of the alleged conspiracy, he only claims that one existed." *Schlosser,* 818 F.Supp. at 1537. That statement is applicable to the instant case, and the Court here reaches the same conclusion.

Thus, Plaintiff's allegations of Defendant Coleman's actions, even considered in the

light most favorable to Plaintiff, are not sufficient to defeat Defendant Coleman's claim of qualified immunity. This Court therefore grants Defendant Coleman's Motion to Dismiss, and also grants Plaintiff leave to amend the complaint with facts sufficient to support a claim of conspiracy under 42 U.S.C. § 1983.

### 3. Defendant Sweeting

Because 42 U.S.C. § 1983 requires that the actions which constitute a deprivation of constitutional rights be performed by a person "acting under color of state law," private individuals cannot normally be held liable under § 1983 for their conduct. "They may nevertheless be held liable if they conspired with a person who acted under color of state law." *Richardson v. Fleming,* 651 F.2d 366, 371 (5th Cir.1981) (citing *Taylor v. Gibson,* 529 F.2d 709, 715 (5th Cir.1976)). Specifically on point, the Eleventh Circuit has recognized that "an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law...." *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) (finding that a public defender did not act "under color of state law" where the plaintiff did not allege a conspiracy with someone acting under color of state law). This is so even if the co-conspirator is immune from liability based on qualified or absolute immunity. *See Richardson,* 651 F.2d at 371.

Because Defendant Sweeting is a private individual not acting "under color of state law," Plaintiff's ability to establish liability on the part of Defendant Sweeting depends upon the sufficiency of his conspiracy allegations. As discussed above in reference to Plaintiff's allegations against Defendant Coleman, Plaintiff does not allege sufficient facts to support an allegation of a conspiracy to deny Plaintiff his constitutional rights under § 1983. As to Defendant Sweeting, Plaintiff again makes the general allegation that "Defendant Michael Sweeting held unauthorized and improper meetings and conversations with parties adverse to Plaintiff ...." and that "Defendants Pamela Coleman and Michael Sweeting engaged in improper and illegal conversations to conspire to withhold exculpatory evidence...." (Plaintiff's Complaint p. 2) There is no specific allegation in the complaint of a conspiratorial "understanding" between Defendant Sweeting and any other party, and there is no specific allegation of the nature of the conspiracy or of the information that was suppressed.

Therefore, this Court grants Defendant Sweeting's Motion to Dismiss, and again grants Plaintiff leave to amend the complaint to plead sufficient facts to support a claim of conspiracy under 42 U.S.C. § 1983 which would establish that Defendant Sweeting acted "under color of state law."

Because the Court is granting Defendants' Motions to Dismiss as to the federal § 1983 claim, there is no need to address Plaintiff's claims that Defendant's actions violated state law. Accordingly, it is

**ORDERED** that Defendants Verhuel and Coleman's Motion to Dismiss (Docket No. 16) be **granted;** that Defendant Sweeting's Motion to Dismiss (Docket No. 9) be **granted;** that Defendant Verhuel be **dismissed** from this action, with prejudice; and that Plaintiff shall have ten (10) days from this date to amend the complaint as it pertains to Defendants Coleman and Sweeting. **Failure to amend the complaint within the designated time period will result in the claims against Defendants Coleman and Sweeting being dismissed, with prejudice, from the cause of action.**