**Billy Floyd (Pete) BRAZZELL, Plaintiff-Appellant,**

**v.**

**Bobby ADAMS, etc., et al., Defendants-Appellees.**

**No. 73-3279**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 2, 1974.

Billy Floyd (Pete) Brazzell, pro se.

John L. Hill, Atty. Gen., Austin, Tex., for defendants-appellees.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

BELL, Circuit Judge:

The complaint in this matter, brought by a Texas state prisoner, was filed pro se. It consists of an extended listing of alleged constitutional deprivations resulting in appellant's present incarceration upon a plea of guilty to selling heroin. However, the relief sought was not release from confinement, but rather damages under the Civil Rights Act, 42 U.S.C.A. § 1983, against a district attorney and state agents participating in the arrest. The district court dismissed the complaint.[1]

On appeal reversal is sought only as to the claim for damages based on allegations of police conduct akin to entrapment. We hold that this claim cannot be a basis for damages in the face of a

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The district court dismissed on the ground that appellant's remedy was by way of ha-

beas corpus. *Cf.* Alexander v. Emerson, 5 Cir., 1973, 489 F.2d 285. *But see* Preiser v. Rodriguez, 1973, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439, 453, with respect to prisoner actions for damages only.

plea of guilty and the doctrine of collateral estoppel.

■ Appellant's position is that he engaged in the heroin transaction in the belief he was assisting state agents in their investigation of a supplier. Essentially this is a claim that by virtue of both his intent and his relationship to the state agents, he did not "sell" heroin within the contemplation of the statute and indictment. *See* Durham v. State, 1955, 162 Tex.Cr.R. 25, 280 S.W.2d 737, which states that, "If an accused is in no way interested in behalf of the seller but acts only as agent of the prosecutor he is not guilty of making a sale." 280 S.W.2d at 739. However, by his guilty plea appellant admitted the elements of the charged crime, including that of making a "sale". *See* Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, 77. We thus are faced with the question whether collateral estoppel applies in a subsequent civil suit against state agents as to facts necessarily admitted by a plea of guilty in a state prosecution.

The general principle of collateral estoppel is that "a fact decided in an earlier suit is conclusively established between . . . [the] parties and their privies, provided it was necessary to the result in the first suit." Tomlinson v. Lefkowitz, 5 Cir., 1964, 334 F.2d 262, 264; Hyman v. Regenstein, 5 Cir., 1958, 258 F.2d 502, 510. Here, a determination of the fact in issue, to wit, whether appellant made a sale, was necessary to the earlier conviction. Further the parties meet the identity requirement, inasmuch as state agents involved in the criminal prosecution are the defendants herein. *See* Willard v. United States, 5 Cir., 1970, 422 F.2d 810, 811–812.

■ Finally, the general rule is that collateral estoppel applies equally whether the prior criminal adjudication was based on a jury verdict or a guilty plea. See Metros v. United States District Court, 10 Cir., 1970, 441 F.2d 313, 317, 319; Hyslop v. United States, 8 Cir., 1958, 261 F.2d 786, 790; United States v. Accardo, D.N.J., 1953, 113 F.Supp. 783, 786, aff'd, 3 Cir., 208 F.2d 632; 1B

Moore, Federal Practice (1974) § 0.418, p. 2706. For arguments contra, see State Farm Mutual Auto. Ins. Co. v. Worthington, 8 Cir., 1968, 405 F.2d 683, 686–687, and 1B Moore, Federal Practice (1974) § 0.418, pp. 2707–08.

■ We are satisfied that the general rule should be followed, especially where, as here, the party barred by collateral estoppel has the option of challenging the earlier adjudication through a habeas corpus petition. If such a petition were successful, it would ordinarily remove the bar imposed by the guilty plea. *See* Shank v. Spruill, 5 Cir., 1969, 406 F.2d 756, 757; Moran v. Mitchell, D.Va., 1973, 354 F.Supp. 86, 90.

■ We also note that as to the defendant district attorney the complaint is due to be dismissed for a second reason, that of immunity—there are no allegations of actions clearly outside the scope of his jurisdiction. *See* Madison v. Gerstein, 5 Cir., 1971, 440 F.2d 338, 340–341; Kauffman v. Moss, 3 Cir., 1970, 420 F.2d 1270, 1272–1273.

The judgment of the district court is Affirmed.