Johnny J. E. MEADOWS,
Plaintiff-Appellant,

v.

A. M. (Slim) GABREL, John H. Green, Tom Barker and Deloris Ann (Meadows) Holmesly, Defendants-Appellees.

No. 75–2937.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1977.

Johnny E. Meadows, pro se.

L. Keith Hughes, Dallas, Tex., for plaintiff-appellant.

W. O. Shafer, Odessa, Tex., for Gabrel.

James M. O'Leary, Tyron D. Lewis, James K. Edwards, Odessa, Tex., for Green.

W. R. Barnes, Odessa, Tex., for T. Barker.

John H. Green, Odessa, Tex., for defendants-appellees.

Before TUTTLE, COLEMAN, and RONEY, Circuit Judges.

RONEY, Circuit Judge.

The plaintiff in this Section 1983 case is the same Johnny J. E. Meadows who brought the action in *Meadows v. Evans*, 550 F.2d 345 (5th Cir. 1977) (en banc). Although the Section 1983 claims in this case bear a striking resemblance to those in the *Evans* case, the defendants are different. In *Evans*, the plaintiff sued Lon Evans, the Sheriff of Tarrant County, Texas. Here he sues A. M. (Slim) Gabrel, former Sheriff of Ector County, Texas; John Green, District Attorney of Ector County; Tom Barker, Investigator for the District Attorney of Ector County; and Deloris Ann (Meadows) Holmesly, a citizen of the State of New Mexico who is Meadows' ex-wife.

The District Court here dismissed Meadows' complaint on the ground that his allegations related solely to the validity of his conviction. Since the allegations fell "within the core of habeas corpus", the District Court ruled that the action could not properly be brought under Section 1983. This was the identical ground for dismissal in the *Evans* case.

In *Evans*, the en banc Court reversed the District Court and remanded the case for immediate determination of any damage claims based on constitutional deprivations which did not go to the validity of the conviction, and for consideration of whether to hold all other claims in abeyance until Meadows had exhausted any state remedies available to him related to the validity of his conviction.

Our decision in *Evans* mandates a reversal in this case, and a remand to the District Court for consideration of Meadows' Section 1983 claims, for two reasons: *first*, the complaint appears to state claims not requiring an exhaustion of state remedies as to the validity of the conviction, and *second*, it now appears that Meadows has exhausted his state remedies concerning his conviction so that the lack of exhaustion does not present any comity bar to hearing those claims under the rationale of *Meadows v. Evans, supra*, and *Fulford v. Klein*, 550 F.2d 342 (5th Cir. 1977) (en banc).

Defendants would have us sustain the dismissal of the complaint under the doctrine of collateral estoppel set forth in *Covington v. Cole*, 528 F.2d 1365, 1370–1371 (5th Cir. 1976); *Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974), and as asserted in Judge Tjoflat's dissent in *Meadows v. Evans, supra*. The en banc refusal to consider the collateral estoppel argument set forth in Judge Tjoflat's dissent, however, mandates that those issues cannot be decided at this stage of this proceeding. Any defense of collateral estoppel that defendants may have under the law must first be asserted and ruled upon by the District Court. Our remand indicates no view one way or the other on the merits of such defenses.

We note here that a petition for a writ of certiorari in *Meadows v. Evans* is pending in the United States Supreme Court. The District Court may well hold further proceedings in this case in abeyance until that petition has been ruled upon, and if granted, until the case has been decided by the Supreme Court.

Indeed, the District Court may find that this case may be consolidated in some way with the *Evans* case. Although that case was filed in the Northern District of Texas, and this case in the Western District of Texas, the thrust of the two complaints seems sufficiently similar that some kind of consolidation might be justified in order to make efficient use of judicial resources.

REVERSED and REMANDED.