Sue Fontenot, James E. Fontenot, Abbeville, La., for plaintiff-appellant.

Charles M. Thompson, Jr., Abbeville, La., for defendants-appellees.

**John MARTIN, Plaintiff-Appellant,**

v.

**Euda DELCAMBRE et al.,**
**Defendants-Appellees.**

**No. 78–1460**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1978.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

On August 16, 1975, sheriff's deputies of Vermilion Parish, Louisiana, were engaged in a stake out of a residence at 207 South Bailey Street in Abbeville. The deputies were looking for Dwight Mouton, who was under indictment for attempted murder. The residence belonged to Mouton's wife.

In due course, the deputies observed the appellant, Martin, drive up to the residence

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

with Dwight Mouton and speed away shortly thereafter. Deputy Wendall David, who had been on the stake out, and appellees Pedigo and Vice, two deputies on patrol who had been dispatched to the scene, immediately gave chase. Notwithstanding the hot pursuit of the patrol cars, whose lights were flashing and sirens were blaring, the appellant did not stop until deputies Pedigo and Vice pulled alongside the appellant's automobile and Pedigo pointed a gun at the appellant. Once appellant's car was brought to a stop, the deputies placed him and Mouton under arrest. Mouton voluntarily exited the appellant's car and surrendered himself to the deputies; however, the appellant ignored deputy Pedigo's order to get out of the car and suddenly drove off. A high speed chase ensued at speeds exceeding ninety miles per hour. Even the deputies' pistol shots were unsuccessful in bringing the appellant to a stop; eventually he was apprehended near his home in Perry, Louisiana.

Martin was charged with several offenses as a result of these events: resisting arrest, simple escape, and reckless operation of a motor vehicle (on state highway No. 82 following the getaway from the point of the initial stop and Mouton's arrest). At the state court trial, the bill of information was amended to include a charge of reckless operation of a motor vehicle during the high-speed chase that led to the initial stop. Appellant was convicted of that charge, but found not guilty of resisting arrest and simple escape. No appeal was taken from appellant's state court conviction, and, for the purposes of these proceedings, it is still valid.

These proceedings commenced following appellant's conviction when he filed in district court a complaint under 42 U.S.C. § 1983 (1970) against the appellees, the Vermilion Parish Sheriff, Euda Delcambre, Deputies Pedigo and Vice, and several insurance companies presumably insuring the Sheriff's operations. The appellant claimed that his arrest, prosecution, conviction, and detention were accomplished in violation of the Constitution. (Appellant also included a pendent claim for defamation, which is not implicated in this appeal.) The district court granted summary judgment for the appellees, holding that the appellant was collaterally estopped from relitigating the facts undergirding these claims so long as the state court conviction, which had resolved them against him, was still valid. Our cases fully support the district court's conclusion. *See Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974); *Jones v. Bales*, 480 F.2d 805 (5th Cir. 1973) *aff'g* 58 F.R.D. 453 (N.D.Ga.1972); *Shank v. Spruill*, 406 F.2d 756 (5th Cir. 1969). *Cf., Meadows v. Evans*, 550 F.2d 345, 349–353 (5th Cir. 1977) (en banc) (Tjoflat, J., concurring in part and dissenting in part), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Covington v. Cole*, 528 F.2d 1365, 1371 n. 10 (5th Cir. 1976). The court's judgment is therefore

AFFIRMED.