**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**$31,697.59 CASH and $2,850 Cash, deposited for the release of One 1973 Pontiac Grand Prix, VIN 2K57T3P250832, California License 977-HUX, Defendant,**

**Gilbert Arthur Tavera and Edgar Jose Farias, Claimants-Appellants.**

**No. 80–5485.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1981.

Decided Jan. 11, 1982.

David L. Wasserman, Blackmon, Wasserman & Blicker, Sacramento, Cal., for claimants-appellants.

Stephen V. Petix, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

---

Before ALARCON and NELSON, Circuit Judges, and CRAIG,* District Judge.

NELSON, Circuit Judge:

## I. FACTS AND PROCEDURAL CONTEXT

On December 13, 1976, the claimants-appellants, Gilbert A. Tavera and Edgar J. Farias, both pleaded guilty before a United States Magistrate to a violation of 31 U.S.C. §§ 1101 and 1058. Section 1101 imposes a duty to file certain reports when knowingly bringing more than $5000 in monetary instruments into the country. Section 1058 imposes a maximum penalty of up to $1000 and/or imprisonment for up to one year for a willful violation of § 1101. The claimants were adjudged guilty upon their pleas. In requesting a lenient criminal sanction, appellants informed the court that a forfeiture action would probably be brought by the government. The court then imposed a suspended sentence on each appellant, and placed them on unsupervised probation for a period of one year. In addition, each appellant was fined $100. Appellants have not availed themselves of opportunities to appeal directly, or to bring a 28 U.S.C. § 2255 action.

Subsequent to the entry of appellants' guilty pleas, the government filed this forfeiture action based on the same transactions as the criminal case. The court applied the doctrine of collateral estoppel and granted summary judgment in appellee's favor, ruling that the criminal conviction established the forfeitability of the money in question, an amount in excess of $30,000.

Appellants now appeal from the order of summary judgment, arguing that the taking of their guilty pleas did not comply with the requirements of Fed.R.Crim.P. 11(f), and so the pleas cannot be used to work a collateral estoppel.

## II. THE COLLATERAL ESTOPPEL QUESTION

Appellants raise two issues on this appeal. The first one is whether a claimant in a forfeiture action is collaterally estopped by a guilty plea in a prior criminal case regardless of whether the taking of that plea was in compliance with the requirements of Rule 11. The second issue is whether the taking of appellants' guilty pleas in this case complied with the requirements of Rule 11. Because of our holding that appellants may not collaterally attack their pleas and that they are collaterally estopped in this proceeding, we need not reach the second issue.

Appellants argue that Rule 11 must be complied with because forfeiture actions are quasi-criminal. That argument is incorrect. It is true that forfeiture proceedings are treated as criminal for some purposes. *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (treat forfeiture proceeding as criminal for exclusionary rule purposes); *United States v. United States Coin and Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) (treat forfeiture proceeding as criminal for some Fifth Amendment purposes). The courts, however, have narrowly construed the criminal aspect of forfeiture actions. For example, the United States Supreme Court has held that a forfeiture action is civil for double jeopardy purposes. *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). The Ninth Circuit has held such proceedings civil for burden of proof purposes. *United States v. One 1970 Pontiac GTO, 2-Door Hardtop*, 529 F.2d 65, 66 (9th Cir. 1976).

In addition, the cases which have treated forfeiture actions as quasi-criminal are barely relevant to the instant situation. The importance of *One 1958 Plymouth Sedan* has been diminished dramatically by the Supreme Court's ruling in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49

* Honorable Walter E. Craig, Senior United States District Judge for the District of Arizona, sitting by designation.

L.Ed.2d 1067 (1976) [1]. The *United States Coin and Currency* case involved the specific problem of forcing gamblers to register under the Internal Revenue laws, raising the issue of the privilege against self-incrimination. That case is distinguishable from the one at bar because it did not involve the collateral estoppel question at all, and because it dealt with a situation where the policy underlying the privilege against self-incrimination applied equally in the civil and criminal context. 401 U.S. at 718, 91 S.Ct. at 1043, 28 L.Ed.2d at 437. In the case at bar, the protection of Rule 11 is designed for criminal, not civil cases, and other policy considerations such as finality of judgment and judicial administration weigh against allowing a collateral attack in a civil proceeding.

We conclude that forfeiture proceedings should be treated as civil in situations such as the one at bar. That conclusion is also supported by 31 U.S.C. § 1103 which clearly recognizes a distinction between criminal and civil remedies in this area.[2]

Appellants argue further that *Ivers v. United States*, 581 F.2d 1362 (9th Cir. 1978), holds that before a guilty plea can be used to estop a claimant collaterally in a later forfeiture action the requirements of Rule 11(f) must be met. In particular, they claim that the record does not establish a sufficient factual basis for acceptance of the plea under that rule. For Rule 11(f), the record must establish that the judge is satisfied that there is a factual basis for the plea. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971); *United States v. Landry*, 463 F.2d 253 (9th Cir. 1972). This requirement is a part of the voluntariness determination required for the taking of a guilty plea.

*McCarthy v. United States*, 394 U.S. 459, 464–467, 89 S.Ct. 1166, 1169–1171, 22 L.Ed.2d 418, 424–426 (1969).

The main problem with appellants' reliance on *Ivers* is that its relevant language is dictum and furthermore is ambiguous:

> Our review of the transcript satisfies . . . us *that a sufficient factual basis for the plea was established and that it was therefore validly entered under Rule 11*
>
> . . . .
>
> Ivers' plea of guilty . . . *along with the agreed statement of facts* submitted to the court, provided the district court with a sufficient factual basis upon which to enter a summary judgment of forfeiture . . . . Any material issue of fact which might have prevented the entry of such judgment was conclusively resolved by Ivers' plea.

581 F.2d at 1366–1367 (emphasis added).

The only other case we have found dealing with this issue is *Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974). That case supports the view that appellants should be collaterally estopped by their guilty pleas regardless of the requirements of Rule 11, but the court's language is no more free from ambiguity than that of the *Ivers* court. The *Adams* court said:

> We are satisfied that the general rule of collateral estoppel should be followed, especially where, as here, the party bound by collateral estoppel has the option of challenging the earlier adjudication through a habeas corpus petition. If such a petition were successful, it would ordinarily remove the bar imposed by the guilty plea.

493 F.2d at 490.

Although the language in both cases is ambiguous, we hold that the *Adams* court

---

1. *Stone v. Powell*, 428 U.S. at 494–495, 96 S.Ct. at 3052, 49 L.Ed.2d at 1088, held that federal habeas corpus relief is not available for claims under the Fourth Amendment exclusionary rule when the litigant has previously been afforded a full and fair opportunity to raise the claim.

2. Section 1102 is entitled "Forfeiture" and section 1103 is entitled "Civil Liability", as opposed to section 1058 which is entitled "Criminal Penalty". Section 1102 lays out the forfei-

ture provisions and § 1103 says: "The Secretary may assess a civil penalty . . . . The liabilities imposed by this subchapter are in addition to any other liabilities, civil or criminal, except that the liability under this section shall be reduced by any amount actually forfeited under section 1102 of this title." These three sections show that Congress contemplated a scheme of separate civil and criminal sanctions and that one is not equivalent to the other.

rested on firmer ground, and that collateral estoppel should apply here regardless of whether the requirements of Rule 11 are met. The policy underlying the *Adams* language and our holding coincides with the policy underlying recent Supreme Court cases as well as that underlying Rule 11.

*Stone v. Powell* recognizes the policy of refusing a litigant a collateral attack when there has been a prior full and fair opportunity to raise the claim. Cases such as *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), are perhaps even more on point in recognizing that a claimant who bypasses opportunities to raise a claim in one forum should not be able to raise it in a collateral forum without a showing of any special circumstances.

The policy behind Rule 11 is to ensure the voluntariness of guilty pleas so that innocent persons are not convicted of crimes. The avenues for contesting such a plea, then, are the original criminal proceeding, a direct appeal, and a § 2255 collateral attack on the conviction. Appellants have not availed themselves of any such opportunities.

The underlying policy of providing, for the sake of the parties and the judicial system, finality of judgment and an end to seemingly interminable litigation constituted the basis for Justice Stevens' opinion in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In that case, the Court precluded a collateral attack on a conviction and ten year sentence. It should be noted especially that the Court in that case forbade a collateral attack on a guilty plea based on a claimed violation of Rule 11 when not merely pecuniary loss, but a person's liberty, was at stake. The policy of finality and the fairness of forcing a litigant to pursue his immediate remedies apply with even more force when money alone is at issue. Mr. Justice Stevens succinctly expressed the policy as follows:

> [T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas. "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and by increasing the volume of judicial work, inevitably delays and impedes the orderly administration of justice." *United States v. Smith*, 440 F.2d 521, 528–529 (7th Cir. 1971) (Stevens, J., dissenting).

441 U.S. at 784, 99 S.Ct. at 2087, 60 L.Ed.2d at 639 (footnote omitted).

We hold, therefore, that appellants are collaterally estopped from litigating the matters disposed of in the criminal case by their guilty pleas. The order granting summary judgment for appellee is affirmed.