**Jack Ordean REESE, Jr.**

v.

**Ruby YORK, City of Abilene (3 Police Officers), Robert Bob Chappel, Bob Lindsey, John Middleton, Sheriff of Taylor County, Pat Elliott and Associates, Gary Heslep.**

Civ. A. No. 1–82–82–K.

United States District Court, N.D. Texas, Abilene Division.

Sept. 22, 1983.

---

Jack Ordean Reese, Jr., pro se.

Ronald Clark, Abilene, Tex., James Ludlum, Jr., Austin, Tex., for defendants.

## MEMORANDUM OPINION

BELEW, District Judge.

Plaintiff brought suit under 42 U.S.C. § 1983 against Ruby York, Robert Bob

Chappel, Sheriff John Middleton, Pat Elliott, District Attorney, and her associates, and three unidentified Abilene police officers, Gary Heslep, and Bob Lindsey who has been dismissed, alleging his civil rights had been violated. The Court is of the opinion said suit should be dismissed pursuant to 28 U.S.C. § 1915(d).

Plaintiff does not allege that Defendants Ruby York (a private person) and Robert Chappel (a private attorney) acted under color of state law. Further, the facts, as alleged by Plaintiff, could not support such an allegation even given the liberal construction due pro se plaintiffs.

By Judgment dated May 17, 1982, the Plaintiff pleaded guilty in open court to theft and was assessed three (3) years' confinement in the Texas Department of Corrections. Since Plaintiff did not appeal his conviction, the Judgment has become final.

■ A person is collaterally estopped from asserting damage claims under 42 U.S.C. § 1983 against those who were responsible for his arrest and conviction for that particular crime. *Martin v. Delcambre,* 578 F.2d 1164 (5th Cir.1978); and *Brazzell v. Adams,* 493 F.2d 489 (5th Cir.1974); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

In *Martin,* the plaintiff was collaterally estopped from asserting claims under 42 U.S.C. § 1983 where the facts undergirding his claims against a Louisiana parish sheriff, his deputies, and several insurers were the same facts on which the plaintiff's State Court conviction resulted. In *Brazzell,* the plea of guilty of the plaintiff in his criminal case to a crime precluded his subsequent assertion of damage claim against a district attorney and other state agents participating in his arrest and conviction.

■ The doctrine of collateral estoppel applies equally whether the prior criminal adjudication was based on a jury verdict or a guilty plea. *Brazzell, supra,* at 490.

■ Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants police officer Gary Heslep, three unidentified police officers (City of Abilene), Sheriff John Middleton and Pat Elliott, District Attorney for Taylor County, Texas, and her "Associates" violated his constitutional rights by subjecting Plaintiff to unlawful arrest, interrogation, search and prosecution. Plaintiff's conviction upon the plea of guilty is not only dispositive of the issue of Plaintiff's guilt, but also disposes of any issue pertaining to the constitutionality of Plaintiff's arrest, interrogation, search and prosecution. These were matters which were necessarily determined in order to obtain the conviction. Accordingly, Plaintiff is now collaterally estopped from asserting such claims in this action.

Finally, the Court is of the opinion that Defendants police officer Gary Heslep, three unidentified police officers (City of Abilene) and Pat Elliott, District Attorney of Taylor County, Texas and her "Associates" are immune from a civil action for damages pursuant to 42 U.S.C. § 1983.

It should be noted that Plaintiff sued Defendants both individually and in their official capacities. However, the Complaint clearly discloses that suit against Defendants police officer Gary Heslep, three unidentified police officers (City of Abilene) and Pat Elliott and her "Associates" is based solely upon their actions in their official capacities.

■ The issue of whether or not an immunity exists may properly be resolved by the Court by summary judgment. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 396 (1982). Police officers are qualifiedly immune from a suit for damages under 42 U.S.C. § 1983. Such a defense must be pled by the officer. The defense is predicated upon the officer's reasonable, good faith belief that his actions were lawful and within the scope of his authority. The officer is entitled to immunity unless the Plaintiff thereafter can show that the officer lacked good faith. *Barker v. Norman,* 651 F.2d 1107 at 1121 (5th Cir.1981).

Good faith is considered in light of both objective and subjective components. The objective component is concerned with whether or not the officer knew or should

have known that his actions violated clearly established law at the time. The subjective component deals with the presence or absence of malicious intent, which falls closer to being reckless or grossly negligent, as opposed to simple negligence. *Id.* at 1121 and 1122. In *Harlow, supra,* the Court indicated that of the two components, the objective component is much more important than the subjective component. The Court based its decision solely on the objective component, i.e. whether or not the officer's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* 457 U.S. at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410.

As stated in the case of *Barker,* at 1121, quoting *Cruz v. Beto,* 603 F.2d 1178, 1183 (5th Cir.1979):

> "... If an official can show that [the] questionable actions were taken in the regular course of discharging his official duties, therefore, this policy [of qualified immunity] affords him immunity from liability. To deny him qualified immunity protection unless he goes further and demonstrates that his actions were above the benchmark of legal good faith, would make the concept of qualified immunity a meaningless embelishment." *Barker,* at 1122.

In *Barker,* the Court held that the police officer was not entitled to immunity because he failed to plead immunity. However, in the instant case, Defendants Gary Heslep and the three unidentified police officers (City of Abilene) have properly pled their immunity defense.

■ The uncontroverted affidavits submitted in support of Defendants' Motion for Summary Judgment, as well as the subsequent conviction of Plaintiff, clearly show that the Defendant officers' actions were lawful, reasonable, were done in good faith, and within the scope of their authority. Therefore, the Defendant officers are entitled to official immunity.

Prosecutors also enjoy immunity from civil actions for damages under 42 U.S.C. § 1983. It has been settled by the Supreme Court of the United States that, although 42 U.S.C. § 1983 has no express provision granting absolute immunity to certain state officials, Congress intended that the immunity available at common law for prosecutors should still apply to suits for damages against those officials under 42 U.S.C. § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ The test for prosecutorial immunity is whether the prosecutor was acting "within the scope of [his] duties in initiating and pursuing a criminal prosecution." *Imbler, supra,* at 424 U.S. 409, 410, 96 S.Ct. 984, 985, at 47 L.Ed.2d 128, 132. The immunity extends to activities in initiating, investigating, and pursuing criminal prosecution. *Cook v. The Houston Post,* 616 F.2d 791, 793 (5th Cir.1980).

■ Since the Plaintiff has essentially alleged that those Defendants acted only in their capacities as prosecutors in regard to the conviction for which he now complains, those Defendants are immune from liability to the Plaintiff under the doctrine of prosecutorial immunity. As observed by the United States Court of Appeals for the Fifth Circuit in *Cook* (*supra,* at page 794), the basis for the doctrine of prosecutorial immunity is obvious:

> "The Constitution does not guarantee that only the guilty will be indicted and arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect arrested." *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

For the reasons stated hereinabove, the Court is of the opinion that this action should be dismissed with prejudice. An order will be entered in accordance with this opinion.