Nelson M. BLOHM, Plaintiff,

v.

John W. BRADLEY and James F. Mitchell, Jr., Defendants.

Civ. A. No. 92–0305–B–C.

United States District Court, S.D. Alabama, S.D.

Jan. 19, 1993.

---

Richard G. Alexander, Mobile, AL, for plaintiff.

William R. Sawyer, Asst. U.S. Atty., Mobile, AL, for defendants.

## OPINION AND ORDER

BUTLER, District Judge.

This matter is before the Court on a motion for summary judgment filed by defendants John W. Bradley and James F. Mitchell and by the United States of America, which contends that under the Federal Tort Claims Act it should be substituted for these defendants as to Count Four of the complaint. Plaintiff argues that he has presented sufficient evidence to defeat defendants' motion. After careful consideration of the evidence presented and the applicable law, the Court finds that defendants are entitled to judgment as a matter of law.

## FINDINGS OF FACT

Plaintiff Nelson M. Blohm is the former president of Marion Oil Corporation of Daphne, Alabama. Defendant John W. Bradley is a special agent with the Criminal Investigation Division of the Internal Revenue Service ("IRS"). Defendant James F. Mitchell is a revenue agent with the IRS whose primary responsibility is civil enforcement. Both Bradley and Mitchell were involved in the investigation of Marion Oil Corporation ("Marion Oil") and several of its employees, including Nelson Blohm.

In 1986 the United States entered into an immunity agreement with Charles Ritchey, a vice-president of Marion Oil, who provided evidence implicating several persons, including Blohm, in two kickback schemes involving the sale of oil and gas leases. Blohm was subsequently indicted on charges of conspiracy and tax evasion. In July 1988, Blohm entered into a plea agreement with the government and pled guilty to one count of tax evasion before the Honorable W. Brevard

Hand.[1] Blohm did not file a direct appeal of his conviction in that case.

However, in 1990 Blohm filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. *Nelson Blohm v. United States,* Civil No. 90–691–BH–M. (*Blohm* II). In his petition Blohm alleged that the indictment was based upon the affidavit of Charles H. Ritchey which the government knew to be false. In denying the Section 2255 motion, Judge Hand found that Blohm had alleged no facts that would lead the Court to conclude that the affidavit was false. Accordingly, Judge Hand denied plaintiff's petition. That decision was affirmed on appeal. *Nelson M. Blohm v. United States,* Case No. 91–7422 (11th Cir. May 22, 1992) [964 F.2d 1147 (table)] (per curiam) (unpublished opinion).

Blohm's indictment was based on his failure to pay taxes for two kickbacks he allegedly received from the sale of oil and gas leases in 1981. The first transaction occurred in February 1981 in the Cayman Islands and, hence, has come to be known as the Cayman Islands kickback. Although Blohm was not present at that transaction, he allegedly received approximately $143,000 which was retained by Merlin Stickelber, the chief executive officer of Marion Oil, in partial payment of a debt owed by Blohm to the Stickelber Trust. Later in 1981, Blohm, Stickelber and Ritchey split a kickback from the sale of oil and gas leases from which each received approximately $125,000 in cash. Because this transaction allegedly occurred at Blohm's kitchen table, it has come to be known as the Kitchen Table kickback.

In 1987 Agent Mitchell prepared an income tax deficiency statement for Blohm for the year 1981 based on Blohm's receipt of the income from the two kickbacks. In 1990 Blohm filed a petition in the United States Tax Court seeking a redetermination of his income tax deficiency for the year 1981. *Nelson M. Blohm and Joann M. Blohm v. Commissioner of the Internal Revenue,* Docket No. 5741–89. (*Blohm* III). In that case, Blohm contended that the government knowingly used the false affidavit of Charles Ritchey to compute Blohm's income tax deficiency. The Tax Court ruled against Blohm. That case is currently on appeal to the United States Court of Appeals for the Eleventh Circuit.[2]

### Conclusions of Law

The instant action is a suit for damages against employees of the federal government pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and under state law.[3] In Count One plaintiff alleges that defendants violated his right to due process of law guaranteed by the Fifth Amendment. Count Two alleges that defendants violated plaintiff's right to be free from unreasonable seizure guaranteed by the Fourth Amendment by attaching defendant's personal property without good cause. Count Three alleges that the defendants violated plaintiff's right to privacy.[4] Finally, Count Four alleges a state law claim for libel and slander. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1. Blohm pled guilty but did not admit guilt pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. Blohm has two other actions currently pending before this Court. First, Blohm has filed a suit for refund on his 1983 tax liability. *Nelson M. Blohm v. United States,* Case No. 91–0831–CB (*Blohm* IV). The instant action is Blohm's fifth case (*Blohm* V). Finally, Blohm has filed a related Bivens action against the prosecutors in *Blohm* I. *Nelson M. Blohm v. Jeff Sessions and Ginny Granade,* Case No. 92–0575–CB (*Blohm* VI).

3. The Court questions the timeliness of plaintiff's Bivens action, given the delay between the events giving rise to plaintiff's claims and the filing of this action. *See S.W. Daniel, Inc. v. Urrea,* 715 F.Supp. 1082 (N.D.Ga.1982) (holding that state statute of limitations applicable to § 1983 actions should also be applied to Bivens actions). The Court reserves judgment on this issue, however, since defendants have not raised it and the Court finds the action is barred on other grounds.

4. Although the complaint does not allege whether this claim is one for invasion of privacy under Alabama's common law or is a federal constitutional claim, defendants in their motion assume that the claim is a federal one. Since plaintiff does not disagree with defendants' characterization, the Court will make the same assumption.

Defendants contend that they are entitled to summary judgment as to plaintiff's constitutional claims because the doctrine of collateral estoppel bars plaintiff from relitigating his contention that the Ritchey affidavit is false. Second, defendants contend that the doctrine of qualified immunity bars plaintiff's claims against them. Finally, defendants contend that the Federal Tort Claims Act bars plaintiff's state law claim against them. Because the Court finds that plaintiff's constitutional claims are barred by the doctrine of collateral estoppel and that plaintiff's state law claim is barred by the Federal Tort Claims Act, there is no need to address the qualified immunity issue.[5]

*Collateral Estoppel*

■ The doctrine of collateral estoppel was succinctly defined by the Eleventh Circuit in *Hercules Carriers, Inc. v. Claimant Florida Dept. of Transp.*, 768 F.2d 1558 (11th Cir.1985):

> Under the doctrine of collateral estoppel, the resolution by a court of an issue of fact or law necessary to its judgment precludes the relitigation of that issue in a subsequent suit based on a different cause of action involving a party to the prior litigation.

*Id.* at 1578 (footnote omitted). There are four prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.[6] *In re: McWhorter*, 887 F.2d 1564, 1566 (11th Cir.1989). After considering plaintiff's constitutional claims in light of the doctrine of collateral estoppel, the Court finds that the prior litigation of both factual and legal issues critical to plaintiff's case precludes plaintiff from pursuing this action.

According to plaintiff, the issue in this case is "whether the Defendant[s] ... knowingly used their official position ... to allow false testimony to be presented to the Federal Grand Jury for the Southern District of Alabama bringing about an improper and unconstitutional indictment of Plaintiff." As the Court interprets the plaintiff's constitutional claims, Blohm contends that his due process rights were violated when an allegedly false affidavit was used as the basis of an indictment against him which ultimately led to his guilty plea.[7] In addition, Blohm contends that he was deprived of due process when the same affidavit was used as the basis of the assessment of civil tax liability against him and that he was subjected to illegal seizure when his property was attached by the IRS.[8]

■ Blohm's claims are now barred by the doctrine of collateral estoppel for several reasons. First, a plea of guilty to the charges against him estops a criminal defendant from maintaining an action for damages based on alleged constitutional violations leading to, or arising from, conviction. *Brazzell v. Adams,*

---

**5.** Likewise, there is no need to allow plaintiff to conduct discovery since the Court finds plaintiff is barred from litigating issues essential to his constitutional claims and since plaintiff's state law claim is barred.

**6.** Plaintiff cites *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37 (3d Cir.1980), and *Hoover v. United States*, 611 F.2d 1132 (5th Cir.1980), for the proposition that collateral estoppel applies only if the present suit is duplicative of a prior suit, *i.e.*, the parties, issues and relief do not differ significantly between the two actions. However, the cases cited by plaintiff do not discuss collateral estoppel. Rather, they address a court's authority to dismiss or stay an action when it is duplicative of an action simultaneously pending before another court.

**7.** Defendant has not raised, and therefore the Court does not address, the issue of whether the actions alleged by plaintiffs constitute a violation of due process.

**8.** Plaintiff's invasion of privacy claim is so vaguely pled that the Court has no idea how plaintiff contends these defendants violated his constitutional right to privacy. However, the crux of plaintiff's case, no matter what the legal claim, is that the Ritchey affidavit is false. For the reasons stated below, the Court finds that this factual issue is precluded from relitigation by the doctrine of collateral estoppel.

493 F.2d 489 (5th Cir.1974). In *Brazzell* the defendant pled guilty in state court to a charge of selling heroin. He then filed a § 1983 action against the state prosecutor and state agents who participated in his arrest alleging numerous constitutional violations and seeking damages. In the civil case Brazell argued that he believed he was assisting state agents' investigation of a supplier and, hence, did not make a "sale" of heroin within the meaning of the criminal statute. The Fifth Circuit held:

> [A] determination of the fact in issue, to wit, whether appellant made a sale, was necessary to the earlier conviction ... [T]he general rule is that collateral estoppel applies equally whether the prior criminal adjudication was based on a jury verdict or a guilty plea ... We are satisfied that the general rule should be followed, especially where as here, the party barred by collateral estoppel has the option of challenging the earlier adjudication through a habeas corpus petition.

*Id.* at 490.[9]

■ The general rule that collateral estoppel effect should be given to a guilty plea is true even though plaintiff entered an *Alford* plea. *See Graybill v. United States Postal Service*, 782 F.2d 1567 (Fed.Cir.1986) (*Alford* plea has collateral estoppel effect). The reason for applying the general rule to an *Alford* plea even though the defendant does not admit guilt is that the judge who accepts the plea must make an independent determination that the plea has a factual basis. *Id.; see also Crofoot v. United States Government Printing Office*, 761 F.2d 661, 665, n. 1 (Fed. Cir.1985) (*Alford* plea might warrant more severe collateral consequences than plea of *nolo contendere* since there must be independent factual basis for the former); *cf. Willett v. Georgia*, 608 F.2d 538, 540 (5th Cir.1979) (Factual basis for *Alford* plea must be set forth in record).

■ Blohm also alleges violations of due process and illegal seizure based on the assertion that Blohm is not liable for unpaid taxes on the 1981 kickback income. Thus, in order to prevail Blohm would have to prove that he does not owe the additional 1981 income tax assessed by the IRS. This issue has been conclusively decided against Blohm by the Tax Court in *Blohm* III. The Tax Court decision regarding Blohm's tax liability meets all the elements of collateral estoppel. Blohm's liability for taxes on the 1981 kickbacks was the central issue of the Tax Court case, it was critical to the judgment in that case, it was decided against Blohm and Blohm had a full and fair opportunity to litigate the issue at trial.

■ Collateral estoppel also bars relitigation of a factual issue critical to all of plaintiff's constitutional claims, that is, whether the Ritchey affidavit was false. The decisions by Judge Hand in *Blohm* II and the Tax Court in *Blohm* III rejecting Blohm's claim that the Ritchey affidavit was false meet all the elements of collateral estoppel. Of course, the issue is identical to the issue in this case. Moreover, in each of those cases this issue was critical to the judgment and was decided against Blohm.

In *Blohm* II Judge Hand found that Blohm had failed to support his contention that the Ritchey affidavit was false and that Blohm's guilty plea was knowingly and voluntarily entered. In *Blohm* II, plaintiff argued that his conviction should be vacated because the indictment was obtained using evidence known by the prosecutor to be false, that is, the Ritchey affidavit. In that petition, in support of his claim that the Ritchey affidavit was false, plaintiff asserted several discrepancies in the affidavit. Among those discrepancies noted by Blohm in *Blohm* II were Ritchey's statement that the transfer of money in the Cayman Islands was made by check and Ritchey's statement that the Blohm's share of the Cayman Islands kickback was retained by Stickelber in payment for a debt. Those same allegations are the sole support in this case for Blohm's contention that the Ritchey affidavit is false.[10] Judge Hand re-

---

9. The rationale for granting preclusive effect to Blohm's guilty plea is enhanced by the fact that Blohm's § 2255 habeas petition was denied and that denial was upheld on appeal.

10. According to the complaint in this case, the affidavit is false because it erroneously states that "an attorney in the Cayman Islands ... disbursed six checks, including one made out to

viewed the discrepancies allegedly contained in the Ritchey affidavit and found them to be "minor and immaterial".[11] *Blohm* II at 4. Moreover, the Eleventh Circuit, in upholding Judge Hand's denial of the § 2255 petition in *Blohm* II, after reviewing the same alleged discrepancies, stated: "We agree with the district court that the discrepancies between this information and the information presented to the grand jury and at Blohm's plea hearing are insufficient to establish wrongdoing on the part of the government." *Blohm v. United States,* No. 91–7422 at 7 (11th Cir. May 22, 1992) [964 F.2d 1147 (table) ]. In addition, in *Blohm* the Tax Court agreed with the District Court that "[a]ny misstatements or discrepancies [in the Ritchey affidavit] were inadvertent, minor, and immaterial." *Id.* at 34.

Finally, Blohm had an opportunity to fully and fairly litigate the issue of the Ritchey affidavit in both the § 2255 and the Tax Court cases. The Tax Court case was decided after a full trial on the merits, and presumably, after plaintiff had an opportunity for discovery. Although the § 2255 action was decided without a hearing, "a hearing need not be held for collateral estoppel to apply. When the facts are undisputed or accepted as true, a hearing would serve no purpose." *McCord v. Bailey,* 636 F.2d 606, 610 (D.C.Cir.1980) (coram nobis petition given preclusive effect even though no hearing was held), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981).[12] In the order denying Blohm's § 2255 claim, Judge Hand found that, even if the discrepancies alleged by Blohm were true, those discrepancies were insignificant and did not substantiate Blohm's claim that the Ritchey affidavit was false.

*State Law Claim*

In Count Four of the complaint, Blohm alleges a state law cause of action in tort for libel and slander which is, therefore, subject to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Because defendants Bradley and Mitchell were acting in the line and scope of their employment, they are due to be dismissed as defendants and the United States should be substituted in their place. The United States is entitled to summary judgment as to Count Four, however, because claims for libel and slander are barred by the doctrine of sovereign immunity and because plaintiff failed to comply with the procedural requirements of the Federal Tort Claims Act.

■ When an action is brought against an employee of the United States and the Attorney General certifies that the employee was acting within the line and scope of his office or employment at the time of the incident at issue, the action is deemed an action against the United States and the United States "shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). In this case, the United States Attorney, as a delegate of the Attorney General, has certified that defendants Bradley and Mitchell were acting within the line and scope of their office and employment at the time of the incident complained of. Consequently, the United States must be substituted as defendant in place of Bradley and Mitchell and the tort claim against these defendants must be dismissed.

■ Count Four is due to be dismissed against the United States for two reasons. First, it involves claims for libel and slander, actions which are barred by the doctrine of sovereign immunity. 28 U.S.C. § 2680(h); *Metz v. United States,* 788 F.2d 1528, 1535 (11th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 400, 93 L.Ed.2d 353 (1986). In addition, Count Four is due to be dismissed because plaintiff has failed to file a tort claim with appropriate federal agency as required by 28 U.S.C. § 2675(a). *See Adams v. Unit-*

---

Plaintiff Blohm in the amount of $143,268.05 ... [and] ... that Blohm's check was retained by Merlin C Stickelber for a debt Plaintiff Blohm owed to Merlin C. Stickelber."

**11.** The first allegation was found to be immaterial because the money was transferred by interbank transfer rather than by check, and the second was found to be immaterial because the money actually went to the Stickelber Trust of which Merlin Stickelber was trustee and beneficiary.

**12.** In addition, Blohm had an opportunity to request discovery in his § 2255. *See* Rule 6 of the Rules Governing Section 2255 Proceedings.

*ed States,* 615 F.2d 284, 291–92 (5th Cir. 1980).

## Conclusion

Factual and legal issues critical to plaintiff's constitutional claims were raised by, and decided against, plaintiff Blohm in prior litigation. Consequently, the Court finds that plaintiff is foreclosed from raising those issues in this litigation. Since plaintiff is estopped from raising issues essential to his claim, the Court finds that defendants are entitled to summary judgment as to plaintiff's constitutional claims.

Defendants Bradley and Mitchell are due to be dismissed as to Count Four because the action arises from an incident or incidents which occurred while they were acting within the line and scope of their employment with the United States. Although the United States is due to be substituted as a defendant in Count Four, that count is nonetheless due to be dismissed because the tort action against the United States is barred by the doctrine of sovereign immunity and by the Federal Tort Claims Act. Accordingly, it is

**ORDERED** that the defendants' motion for summary judgment be and hereby is **GRANTED.**